<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GLEN PICKETT,<br><br>       Plaintiff,<br><br>    v.<br><br>DENNIS BROWN, et al.,<br><br>       Defendants. | Civil Action No. 21-10725 (KMW) (MJS)<br><br>**OPINION** |

<u>**WILLIAMS**</u>**, District Judge**

  This matter comes before the Court by way of Defendant Jessica Klavens' ("Klavens") motion to dismiss Plaintiff's Amended Complaint (ECF No. 8). Plaintiff Glen Pickett ("Plaintiff") is proceeding *pro se* with the instant Amended Complaint (ECF No. 6). Plaintiff opposes Klavens' Motion (ECF No. 20), and Klavens responded to Plaintiff's opposition (ECF No. 21). For the reasons set forth below, Klavens' Motion is <u>**GRANTED**</u>.

  **I.  <u>BACKGROUND</u>**[1]

  On June 9, 2021, Plaintiff filed an Amended Complaint alleging that Defendants interfered with and infringed upon his rights during events that occurred on May 22-23, 2020. Amended Complaint, ECF No. 6 at ¶¶ 1-9. Specifically, Plaintiff alleges that on May 22, 2020 and May 23, 2020, Defendant Dennis J. Brown, using Defendant Michelle Brown-Pierce's vehicle, trespassed upon Plaintiff's property. *Id.* at ¶¶ 3, 21. Plaintiff asserts that Defendants Dennis J. Brown, Michelle Brown-Pierce, Priscilla Brown, Belinda Brown, and Rasheek Burden (collectively

---

[1] The Court sets forth the facts based on what it can glean from Plaintiff's unartfully pled filings.

"Brown Defendants") threatened him with injury and held him in a "condition of false imprisonment" by "fraudulent means," whereby he felt that he could not leave his house. *Id.* at ¶¶ 4-5, 32. Plaintiff believed he would be physically harmed and his property would be damaged if he did not fight Defendant Dennis J. Brown or comply with the Brown Defendants' demands, or if he called the police. *Id.* at ¶¶ 4-5, 25-29. Defendant Rasheek Burden allegedly threatened to break out Plaintiff's windows if he did not come outside and fight. *Id.* at ¶ 6. Plaintiff specifically alleges that on May 23, 2020, Defendant Dennis J. Brown came to his house where he threatened and shouted hostilities at him. *Id.* at ¶¶ 25-29. Plaintiff claims that due to Defendant Dennis J. Brown's actions and verbal threats of violence, he was in imminent fear of bodily injury and the destruction of his property. *Id.* at ¶¶ 7, 26-29. Eventually, Plaintiff called the police and Defendant Quanzell A. Lambert ("Lambert"), who the Court believes to be a police officer, arrived at the scene. *Id.* at ¶¶ 30-31. Plaintiff further asserts that Lambert failed to take any reasonable action and created a "forged instrument" which caused him physical harm and harmed his property. *Id.* at ¶¶ 23, 31.

Seemingly, based on the above interactions between Plaintiff and the Brown Defendants, a criminal action was initiated.[2] The Court gleans from the Amended Complaint that Plaintiff's causes of action against Klavens, a Cumberland County Assistant Prosecutor, are solely in connection with her role in the referenced criminal action. Specifically, Plaintiff alleges that Klavens (1) retained possession of his property, which he asserts she refused to return and thus continues to unlawfully possess and (2) trespassed upon his property and caused him harm when she "uttered a forged instrument" in court on August 6, 2020 to entice Plaintiff to accept a plea bargain. *Id.* at ¶¶ 24, 78-87.

---

[2] The Court notes that nothing in this Opinion or the accompanying Order applies to the Brown Defendants or Lambert, as those parties have not moved to dismiss the matter and therefore the claims against them are not addressed herein.

On June 30, 2021, Klavens filed the instant Motion to Dismiss, asserting four primary arguments. Motion, ECF No. 8. *First*, Klavens argues that the constitutional claims against her should be dismissed because she is not a "person" subject to suit under 42 U.S.C. § 1983. *Second*, Klavens asserts that she is protected by absolute prosecutorial immunity thereby barring Plaintiff's claims. *Id.* at 8-11. *Third*, Klavens argues that even if she is not entitled to prosecutorial immunity, Plaintiff's claims should be dismissed because she is entitled to qualified immunity. *Id.* at 12-15. *Fourth*, Klavens asserts that Plaintiff's claims should be dismissed because Plaintiff failed to serve a Notice of Tort Claim within 90 days of the accrual of his claims thereby failing to comply with the notice requirements provided by New Jersey law. *Id.* at 15-17.

On August 5, 2021, Plaintiff filed a response which, like his Amended Complaint, is unartfully pled and does not adequately address or respond to Klavens' arguments. Opposition, ECF No. 20.

On August 11, 2021, Klavens filed a Reply in the form of a letter, largely reiterating the arguments presented in the Motion. Reply, ECF No. 21.

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnt'y of Allegheny*, 515 F. 3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "'merely consistent with' the defendant's liability [...] 'stops short of the line between the possibility and plausibility'" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557).

While *pro se* pleadings are to be liberally construed in conducting this 12(b)(6) analysis, such litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his Amended Complaint, Plaintiff asserts two claims against Klavens – a claim for conversion and a claim for legal misrepresentation/fraud. Amended Complaint, ECF No. 6 at ¶¶ 78-87.[3] The Court will first address Plaintiff's claim of conversion against Klavens. Because there is no federal claim for conversion, the Court will apply New Jersey state tort law. *Hollus v. Amtrak Ne. Corridor*, 937 F. Supp. 1110, 1114 (D.N.J. 1996), *aff'd,* 118 F.3d 1575 (3d Cir. 1997). "Under New Jersey law, 'conversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that

---

[3] The Court notes that Plaintiff's Amended Complaint includes a total of fourteen claims brought against the various Defendants. Other than the two causes of action specifically asserted against Klavens, the remaining twelve counts are either asserted against "said wrongdoer(s)" generally, or against other defendants. Accordingly, the Court is only addressing the claims where Klavens is expressly identified.

4

property.'" *Peloro v. United States*, 488 F.3d 163, 173–74 (3d Cir. 2007) (quoting *McAdam v. Dean Witter Reynolds, Inc.,* 896 F.2d 750, 771 (3d Cir. 1990)). "The elements of common law conversion under New Jersey law are (1) the existence of property, (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by defendant." *Corestar Int'l Pte. Ltd. v. LPB Commc'ns, Inc.*, 513 F. Supp. 2d 107, 127 (D.N.J. 2007) (citation omitted).

Here, Plaintiff asserts generalized legal conclusions concerning a claimed interference with some unidentified property allegedly belonging to him. Crucially, the Amended Complaint does not provide facts or information about the property at issue. Moreover, the Amended Complaint is devoid of any facts: (1) identifying the property at issue, (2) demonstrating that Plaintiff had a right to this unidentified property, or (3) showing how Klavens allegedly interfered with such rights, wrongfully or otherwise, outside of generalized claims of improperly retaining the property. Amended Complaint, ECF No. 6 at ¶¶ 78-83. As such, the Amended Complaint fails to set forth any facts that raise the possibility, never mind the plausibility, of a claim for conversion, nor can the Court discern the factual basis for such cause of action against Klavens. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556-57. Therefore, even when reading the pleadings in the light most favorable to Plaintiff, the Court finds that he has failed to state a conversion claim against Klavens.

Next, the Court gleans that Plaintiff's legal misrepresentation/fraud claim against Klavens appears to arise solely from her function as a county prosecutor. To this end, prosecutors are immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman,* 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). As the Supreme Court

5

explained in *Buckley v. Fitzsimmons*, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protection of absolute immunity." 509 U.S. 259, 273 (1993). Such acts include "activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior intimately associated with the judicial phases" of litigation. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). Moreover, courts apply a functional analysis to determine whether a prosecutor's conduct has occurred within his or her function as an advocate. *See Yarris v. County of Delaware,* 465 F.3d 129, 135 (3d Cir. 2006); *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994). While the Third Circuit has rejected "bright line rules" to determine whether a prosecutor was acting as an advocate, certain conduct, including presenting evidence in court and engaging in plea bargaining, have typically been found to be part of the prosecutor's role as an advocate and is thus afforded absolute prosecutorial immunity. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993); *Odd v. Malone*, 538 F.3d 202, 210 (3d Cir. 2008); *Kamienski v. Ford*, No. 311CV03056PGSDEA, 2019 WL 4556917, at *5 (D.N.J. Sept. 17, 2019), *aff'd,* 844 F. App'x 520 (3d Cir. 2021).

Here, the Amended Complaint asserts that Klavens intentionally and knowingly misrepresented certain information to "entice" Plaintiff to accept a plea bargain, and that she relatedly "uttered a forged instrument in open court" which allegedly harmed Plaintiff. Amended Complaint, ECF No. 6 at ¶¶ 84-87. Thus, Plaintiff's allegations as to Klavens are clearly actions taken while in court and related to plea bargaining. Therefore, it is crystal clear that Plaintiff's allegations as to Klavens relate to her role as a prosecutor and advocate and are entitled to the

protection of absolute immunity. *Buckley*, 509 U.S. at 273; *Kulwicki*, 969 F.2d at 1463; *Kamienski*, 2019 WL 4556917, at *5.[4]

### IV. CONCLUSION

For the reasons set forth above, Klavens' Motion to Dismiss is hereby **GRANTED**. Plaintiff's Counts 7 and 8 are hereby **dismissed without prejudice** with respect to Klavens. Plaintiff may file an amended complaint within thirty (30) days to the extent he can address the deficiencies noted and wishes to pursue any claims against Klavens.

Dated: April 22, 2022

s/ Karen M. Williams
KAREN M. WILLIAMS
United States District Judge

---

[4] The Court is mindful that in her Motion Klavens sought dismissal on two other grounds. Having determined that Klavens is entitled to prosecutorial immunity, any further discussion of the merits of these arguments is unnecessary.