UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GLEN PICKETT,<br><br>                Plaintiff,<br><br>    v.<br><br>DENNIS BROWN, et al.,<br><br>                Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:21-CV-10725-KMW-SAK<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motions of *pro se* plaintiff Glenn Pickett ("Plaintiff"), respectively seeking the entry of default judgment against Defendants Dennis Brown and Quanzell Lambert (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55; and

**THE COURT FURTHER NOTING** that Plaintiff filed his Complaint in this matter on May 5, 2021[1]; and

**THE COURT FURTHER NOTING** that Plaintiff subsequently filed an Amended Complaint on June 9, 2021, significantly expanded the scope of the factual allegations and legal claims asserted in the initial Complaint[2]; and

---

[1] Plaintiff's initial Complaint alleged only three sentences of factual matter, all of which exclusively pertained to Defendant Brown. (ECF No. 1 at 4). As for Defendant Lambert, the Complaint did not set forth any factual allegations against him, but rather vaguely asserted three legal conclusions as to all named defendants, namely that they had "trespassed upon [Plaintiff's] property," "violated [his] rights under constitutional and federal law," and "conspired to cause harm and injury to [his] person and property." (*Id.*) Notably, the Complaint did not assert any specific legal cause of action against any defendant.

[2] The Amended Complaint—in addition to alleging 124 new paragraphs of factual and legal matter—also asserts fourteen claims against Defendants for (1) "involuntary servitude"; (2) "slavery" and "slavery related practices and forced labor"; (3) "deprivation of equal and inalienable right before the law" and "equal protection of the law"; (4) "conspiracy against rights"; (5) "racketeering"; (6) intentional infliction of emotional distress; (7) conversion; (8)

1

**THE COURT FURTHER NOTING** that on March 10, 2023, Plaintiff requested that the Clerk of Court enter default against Defendants for failing to respond—not to the Amended Complaint—but rather the initial Complaint (ECF No. 73); and

**THE COURT FURTHER NOTING** that this same day, the Clerk of Court entered default against both Defendants (ECF No. 72)[3]; and

**THE COURT FINDING** that Plaintiff's request for default against Defendants—as well as the Clerk's subsequent entry of the same—was moot, as the filing of the Amended Complaint had by this time superseded the Complaint, and was required to be served on Defendants[4]; and

**THE COURT OBSERVING** that the instant Motions for Default Judgment against Defendants are premised on the expanded factual allegations and legal claims contained in the Amended Complaint; and

---

"legal misrepresentation/fraud"; (9) unjust enrichment; (10) negligence; (11) negligent infliction of emotional distress; (12) breach of fiduciary duty; (13) "declaratory judgment"; and (14) false imprisonment. (ECF No. 6 at 22–39).

[3] Separately, the Court notes that Defendant Lambert—who has since entered his appearance in this matter—has moved to set aside the Clerk's entry of default (ECF No. 79). Alternatively, Defendant Lambert seeks dismissal of the Amended Complaint under Rule 12(b)(5) for Plaintiff's failure to effectuate proper service within the time prescribed by Rule 4.

[4] Federal Rule of Civil Procedure 5(a)(2) provides: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Because the Amended Complaint here contains new facts and claims for relief against Defendants, the Court finds that service was required under Rule 5(a)(2). *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint super[s]edes the original version in providing the blueprint for the future course of a lawsuit."); *see also Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, No. 17-3877, 2018 WL 3159852, at *1 (D.N.J. Mar. 9, 2018) ("[T]he Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint."); *Enigwe v. Gainey*, No. 10-684, 2012 WL 213510, at *3 (E.D. Pa. Jan. 23, 2012) ("The filing of the Second Amended Complaint rendered the earlier Amended Complaint a nullity, and [plaintiff's] request for an entry of default . . . as to the Amended Complaint became moot." (citations omitted)).

**IT APPEARING** that Plaintiff has not, to date, served Defendants with the Amended Complaint within the time prescribed by Federal Rule of Civil Procedure 4(m)[5];

**IT IS** this **25th** day of **October 2023** hereby

**ORDERED** as follows:

A. Plaintiff's Motions for Default Judgment against Defendant Brown (ECF No. 83) and Defendant Lambert (ECF No. 84) are **DENIED**[6];

B. The Clerk of Court's entry of default against Defendants (ECF No. 72) is **VACATED**[7];

C. Plaintiff shall properly serve Defendants with the Amended Complaint and Summons by **November 17, 2023**.[8]

> */s/ Karen M. Williams*
> KAREN M. WILLIAMS
> U.S. DISTRICT COURT JUDGE

---

[5] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m)

[6] *See* n.4, *supra*; *see also Syder v. Express Servs., Inc.*, No. 20-11013, 2023 WL 3394709, at *2 (D.N.J. May 11, 2023) (setting aside default judgment where plaintiff had failed to serve defaulting defendant with amended complaint); *Travelers Cas. & Sur. Co. of Am. v. Rae*, No. 15-3643, 2017 WL 4698064, at *1 (E.D. Pa. Oct. 19, 2017) (denying entry of default under Rule 55(a) where plaintiff had failed to serve defaulting defendant with amended complaint); *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187, 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014) ("[O]nce the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied [and] . . . a clerk's entry of default on that pleading is mooted."), *report and recommendation adopted*, 2014 WL 860019, at *1 (E.D.N.Y. Mar. 5, 2014).

[7] In light of the Court's *sua sponte* vacatur of the Clerk entry of default, Defendant Lambert's pending Motion to Set Aside Entry of Default (ECF No. 79) is **DENIED AS MOOT**. Insofar as this Motion alternatively seeks the dismissal of the Amended Complaint under Rule 12(b)(5) for failing to timely serve the same within the time prescribed by Rule 4(m), said Motion is **DENIED**. *See Adam Tech. LLC v. Well Shin Tech. Co., Ltd.*, No. 18-10513, 2021 WL 141371, at *6 (D.N.J. Jan. 15, 2021) (observing that courts generally provide plaintiffs with additional time to effectuate service in lieu of dismissal); *see also Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("[W]hen there exists a reasonable prospect that service may yet be obtained," dismissal is inappropriate and "the district court should, at most, quash service, leaving the plaintiff[ ] free to effect proper service.").

[8] Plaintiff is advised that the failure to properly effectuate service of process within the time dictated by this order will result in the dismissal of the Amended Complaint in its entirety.